v. *Le Blond,* 108 Ohio St., 126, 127, 140 N. E., 510; *McCurdy* v. *Baughman,* 43 Ohio St., 78, 1 N. E., 93.

The other assignments of error have been carefully considered by us. The trial court's rulings, on the admission and rejection of evidence, are free from prejudicial error; the claimed entrapment of plaintiff in error by the officials of Logan county is not borne out by the evidence; the charge, taken as a whole, is correct; and the verdict is abundantly sustained by the evidence.

Entertaining these views, it follows that the judgment of the court below should be affirmed.

*Judgment affirmed.*

CROW and HUGHES, JJ., concur.

In re CUNNINGHAM.

(Decided November 7, 1927.)

*Miss Gladys L. Sutton,* for petitioner.
*Mr. Charles P. Taft, 2nd,* prosecuting attorney, and *Mr. Carl Basler,* contra.

MILLS, J. On May 1, 1925, a complaint was filed in the Juvenile Court of Hamilton county, averring that Ruth Cunningham was a minor child, aged 8 years on August 2, 1924, and that said Ruth Cunningham's condition or environment is such as to warrant the state, in the interest of the child, in assuming its guardianship. The averment just quoted constitutes one of the grounds of dependency under Section 1645, General Code. On May 1, 1925, a warrant was issued, requiring Ruth to be produced in court on May 4, and on May 1 a subpoena issued for Ruth's mother, Myrtle De Sha, to appear in court at the hearing on May 4.

The evidence in the case shows that Ruth's father was dead, and that Myrtle De Sha, who was admittedly Ruth's sole custodian, appeared at the hearing on May 4, pursuant to the subpoena.

At the hearing on May 4, the Juvenile Court entered a judgment finding Ruth to be a dependent, and committed her "temporarily to the care, custody, maintenance, and control of the Children's Home, Cincinnati, Ohio, to remain under the care and control of said Children's Home, and subject

to its rules, for the term of twelve months, and until discharged by this court or by due process of law.''

On May 4, 1926, without notice to Myrtle De Sha, the Juvenile Court entered a second judgment, ordering that Ruth be recommitted to the Children's Home for a further period of twelve months.

On August 9, 1926, without notice to Myrtle De Sha the Juvenile Court entered a third judgment, reciting that, upon motion, the former order for temporary commitment was modified, and that said Ruth was ''permanently committed to the care, custody, maintenance, and control of the Children's Home, Cincinnati, Ohio.''

Writs of commitment were issued pursuant to each of the foregoing judgments, and Ruth is admittedly now in the actual custody of the Children's Home of Cincinnati.

No objection was offered to any of the proceedings in the Juvenile Court until the present writ of habeas corpus was sued out on September 22, 1927.

The first claim made on behalf of the writ is that the proceedings in the Juvenile Court were false, fraudulent, and void, for the reason that the mother was, on May 4, 1925, justified in believing, and did believe, that her surrender of her child on that day was voluntary and revocable, within the intendment of Section 1352-12, General Code, authorizing a parent to enter into a private agreement with an institution for the temporary custody of a child.

The second claim is that, conceding the validity of the judgment of May 4, 1925, finding the child to be a dependent, and ordering a temporary commitment, the subsequent judgment of August 9,

1926, was void, because made without notice to the mother.

The record shows that the proceedings in the Juvenile Court in May, 1925, were had under Sections 1647, 1648, and 1672, of the General Code; and the evidence submitted at the present hearing does not justify us in finding any of the judgment entries in that court to have been false or fraudulent, or based upon fraud or falsehood, in any particular. This court is unanimous in holding valid the judgment of dependency and the order of commitment of May 4, 1925.

Coming now to the points raised by the second contention of counsel, the majority of this court holds: (1) That under Section 1648 of the General Code, and in conformity with the decision of the Supreme Court in *Lewis* v. *Reed,* 117 Ohio St., 152, 157 N. E., 897, the mother received due notice in the original dependency proceedings against Ruth Cunningham; (2) that, by virtue of the proceedings of May 4, 1925, the Juvenile Court, under Section 1643 of the General Code, acquired continuing jurisdiction of Ruth Cunningham, consistent with the holding of the Supreme Court in *State, ex rel. Tailford,* v. *Bristline, Judge,* 96 Ohio St., 581, 119 N. E., 138; (3) that the Juvenile Court, by virtue of Sections 1643 and 1672, General Code, had jurisdiction to enter the judgment of August 9, 1926, without notice to the mother of Ruth Cunningham; and (4) that all the proceedings in the Juvenile Court were valid.

The writ will therefore be denied.

*Writ denied.*

Hamilton, P. J., concurs.
Cushing, J., dissents.